

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-21-00430-CV

**TEXAS DEPARTMENT OF TRANSPORTATION**,
Appellant

v.

**ROBERT DIXON TIPS PROPERTIES, LLC**,
Appellee

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2018-CI-10003
Honorable Tina Torres, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Irene Rios, Justice

Delivered and Filed: August 10, 2022

AFFIRMED

In this accelerated appeal, appellant Texas Department of Transportation ("TxDOT") challenges the trial court's order denying its motion to dismiss for lack of subject matter jurisdiction. After considering the parties' arguments, the record, and the law, we affirm the trial court's order.

### BACKGROUND

This appeal flowed from TxDOT's U.S. Highway 281 expansion project. As part of the project, TxDOT used 12,177 square feet of Northwind Boulevard, San Antonio, Texas, to expand

Highway 281. The 12,177 square feet of Northwind Boulevard comprises parcel 66 of the Northwind Estates Subdivision. Northwind Boulevard connects Highway 281 to Northwind Estates Subdivision. The subdivision was created in 1966, when the property fell outside of the San Antonio city limits. Although Northwind Boulevard did not exist in 1966, it now traverses part of lots 76 and 77 of Northwind Estates Subdivision. Parcel 66 is the southernmost portion of lots 76 and 77.

In 2014, appellee Robert Dixon Tips Properties ("Tips Properties") purchased lots 76 and 77, including parcel 66. In 2017, TxDOT filed affidavits purporting to accept a dedication of parcel 66 for public use for right of way purposes. Although TxDOT purchased other property from Tips Properties, it did not purchase parcel 66 because it contends parcel 66 was dedicated for the public to use. According to TxDOT, parcel 66 is now under TxDOT's jurisdiction and operational authority.

In 2018, Tips Properties sued TxDOT, alleging an unlawful taking under article 1, section 17 of the Texas Constitution, seeking a declaratory judgment that Tips Properties owns parcel 66, and claiming fair market value for parcel 66.[1] In 2021, TxDOT moved to dismiss Tips Properties' takings claim and argued that governmental immunity protects TxDOT from the lawsuit because it did not take private property for public use.[2] The trial court denied the motion. TxDOT appealed.

### STANDARDS FOR CHALLENGING SUBJECT MATTER JURISDICTION

TxDOT asked the trial court to dismiss Tips Properties' lawsuit on grounds of governmental immunity. Because governmental immunity defeats a trial court's subject matter

---

[1] Tips Properties named TxDOT and its executive director as defendants, but we refer to the defendants collectively as TxDOT.

[2] TxDOT titled its challenge as a motion to dismiss but internally referred to the motion as a plea to the jurisdiction.

jurisdiction, a state agency like TxDOT can challenge subject matter jurisdiction in a motion to dismiss or a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a trial court has subject matter jurisdiction is a question of law we review de novo. *Id.* at 226.

If a plea to the jurisdiction challenges the pleadings, we determine whether the plaintiff alleged facts that affirmatively demonstrate subject matter jurisdiction. *Id.* In doing so, we liberally construe the pleadings in the plaintiff's favor and look to the plaintiff's intent. *Id.* But if a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider the parties' relevant evidence, viewing as true all evidence favorable to the plaintiff and indulging every reasonable inference and resolving any doubts in the plaintiff's favor. *Id.* at 227. If the evidence and allegations create a fact question regarding jurisdiction, the trial court cannot grant a plea to the jurisdiction, and the factfinder must resolve the fact issue. *Id.*

### SUFFICIENCY OF THE PLEADINGS

To the extent TxDOT challenges the pleadings, the challenge fails because Tips Properties alleged facts that affirmatively demonstrate subject matter jurisdiction. First, Tips Properties alleged a waiver of governmental immunity. Governmental immunity generally protects the State and its agencies from lawsuits for monetary damages unless the state consents to suit. *Id.* at 224. Tips Properties relies on the waiver provided in article 1, section 17 of the Texas Constitution. *See* TEX. CONST. art. I, § 17. That authority waives immunity for the taking, damaging or destruction of private property for public use and authorizes compensation for such destruction. *See id.*; *see also State v. Momin Properties*, 409 S.W.3d 1, 6 (Tex. App.—Houston [1st Dist.] 2013, no pet.); *State v. Bhalesha*, 273 S.W.3d 694, 697 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *GAR Assocs. III, L.P. v. Tex. Dep't of Transp.*, 224 S.W.3d 395, 401 (Tex. App.—Houston [1st Dist.] 2006, no pet.). In its petition, Tips Properties asserts that it "seeks judgment for the taking of its

land without compensation, in violation of article I, section 17 of the Texas Constitution." This statement alleges a waiver of governmental immunity.

Second, Tips Properties alleged facts supporting subject matter jurisdiction. To recover under article 1, section 17, the property owner must establish that (1) the State intentionally performed certain acts, (2) that resulted in the taking, damaging, or destruction of private property (3) for public use. *Momin Properties*, 409 S.W.3d at 6; *Bhalesha*, 273 S.W.3d at 698; *GAR Assocs. III, L.P.*, 224 S.W.3d at 401. The petition alleged facts supporting each requirement: (1) "Plaintiff owns fee simple title to [the disputed] portions of lots 76 and 77"; (2) "A road named Northwind Boulevard traverses the pertinent parts of Lots 76 and 77"; (3) "Plaintiff owns the portions of lots 76 and 77 traversed by Northwind Boulevard"; (4) "TxDOT has taken the position that it can build a highway across lots 76 and 77 without compensating Tips Properties for the taking of its land"; (5) "Acting on this contention, TxDOT . . . has taken affirmative actions toward the uncompensated taking of Plaintiff's land"; (6) "Tips Properties has not been tendered just compensation and has not consented to the taking of its real property by TxDOT and the State of Texas"; and (7) "TxDOT . . . has repeatedly stated that it will not compensate Plaintiff for lots 76 and 77 and that it intends to go forward with construction on those lots under its theory that Northwind Boulevard is a dedicated public road." These allegations address each proof requirement and affirmatively demonstrate subject matter jurisdiction. Thus, Tips Properties met its burden to show governmental immunity does not bar its claim.

## EXISTENCE OF JURISDICTIONAL FACTS

To the extent TxDOT challenges the existence of jurisdictional facts, Tips Properties offered evidence raising a fact question about jurisdiction. TxDOT contends Tips Properties cannot prove a taking of private property for public use because parcel 66 was dedicated for the public to use. TxDOT bases its argument on the property instrument creating Northwind Estates

Subdivision. That instrument provided, in relevant part, that "the owners do by this instrument dedicate for public use and for the use of the adjoining property owners the Streets shown on said plat . . . ." Because it filed affidavits in 2017 purporting to accept the dedication, TxDOT maintains parcel 66 became public property. This argument fails for two reasons.

First, the subdivision instrument refers to "Streets shown on said plat" but the plat does not reflect Northwind Boulevard. TxDOT acknowledged this fact in its reply brief:

> It is true that the plat does not identify Northwind Boulevard by name, but at the time the plat was created, Northwind Boulevard did not exist. However, the language in the plat does not define one particular street to be dedicated, but it does dedicate for public use and for the use of the adjoining property owners the streets shown on said plat.

Although the phrase "the Streets shown on said plat" can be interpreted to create a public dedication in all the streets shown on the plat, Northwind Boulevard was not a street shown on the plat.

Second, Tips Properties offered evidence of private property. Tips Properties presented the special warranty deed for its purchase of four tracts of land, including lots 76 and 77 of Northwind Estates Subdivision. It also presented the property instrument creating Northwind Estates and a map of the subdivision plat. The map plat does not reflect Northwind Boulevard.

Tips Properties also presented an affidavit from Robert D. Tips, member and manager of Tips Properties. Therein, Tips explained that Tips Properties purchased lots 76 and 77 in 2014. He attested that Northwind Boulevard traverses part of lots 76 and 77. He characterized Northwind Boulevard as a "private road" that leads to the Northwind Estates Subdivision and attested that the public does not use the road. Instead, residents of Northwind Estates Subdivision and their invitees use the road to access the subdivision.

Tips further attested that he paid taxes on Northwind Boulevard since purchasing lots 76 and 77. He also attested that the City of San Antonio annexed property adjacent to Northwind

Estates, and after doing so, the city erected a street sign identifying Northwind Boulevard as a private road. Finally Tips Properties presented photographic evidence. A photo of Northwind Boulevard depicts a paved road, flanked on both sides with trees and overgrown grass and brush, and marked with signs reading "Northwind Estates," "No access to Coronado," and "Dead End No Outlet." An aerial photo of Northwind Boulevard shows nowhere for the public to go except Northwind Estates Subdivision. This evidence raises a fact question about the private nature of parcel 66. That fact question prevented the trial court from granting TxDOT's motion.

## CONCLUSION

The trial court properly denied TxDOT's motion to dismiss because Tips Properties pleaded a waiver of governmental immunity and raised a fact question relevant to the existence of subject matter jurisdiction.

Rebeca C. Martinez, Chief Justice